Macomber, J.
Tbe defendant refused to complete bis contract by paying tbe consideration money and receiving tbe deed which was tendered to bim, upon tbe ground that tbe plaintiffs were not able to do and did not give bim, by tbe deed so tendered, a good and sufficient title to tbe premises. The objection so made relates to tbe interest of tbe plaintiff, Mary A. Bangs, not as bolding a dower interest in tbe premises, but as being a person whose interests m the premises under the will were, by tbe terms of tbe will, made a charge upon tbe real estate itself. He stands upon tbe statute of this State, which says : “ No person beneficially interested in a trust for tbe receipt of tbe rents and profits of lands, can assign or in any manner dispose of such interest, but tbe rights and interests of every person for whose benefit a trust for tbe payment of a sum in gross is created, are assignable.” (1 R. S., part 2, art. 1, chap. 1, § 65.)
It is claimed that by the terms of the will, tbe interest of Mary A. Bangs was made a charge upon tbe real estate, and therefore inalienable by her under this statute. Tbe question therefore is, whether tbe testator intended by his will to make tbe provision for bis wife a charge upon tbe real estate or not. Because, if be did, the deed tendered is obviously insufficient to convey a complete title, and if be did not, it is equally clear that the deed was all that tbe contract for tbe conveyance of tbe land called for.
By tbe second clause of bis will, tbe testator gave bis two sons, Francis S. Bangs and John K. Bangs, tbe sum of one bun *28 dred thousand dollars each. In case of the death of either before the death of the testator, leaving issue such share should go to his issue per stirpes. In case either should die without issue, then his share should go to his two brothers, and in case both should die leaving no issue, before the testator, their shares were given to the son, William N. Bangs, to be held by the testator’s executors in trust for him during his own life, “he to receive the interest and income thereof for and during his natural life, and they to invest and keep the same invested for and during his life, in such securities as ordinarily prudent and intelligent men invest their own funds in order to secure regular income.” There was a power also given to each of the three sons, by will, to devise and bequeath his share to such of the testator’s kindred as they might designate. By the fourth clause of the will, the rest, residue and remainder of his estate, real and personal, was divided into three portions. A desire was expressed by the testator that his wife should receive an annual income, after his death, amounting to twelve thousand dollars, including such income as she derived from her separate estate. One of the three portions was given in trust to Francis S. Bangs and John K. Bangs and the survivor of them, for and during her natural life, “ in trust to' invest and keep the same invested in such securities as ordinarily prudent men invest their own funds, in for the purpose of securing a steady income, and to receive the income and interest thereof for and during her natural life. After the expiration of twelve months from my decease, they are to pay her out of such income and within the limits thereof, such sum as may be necessary to make her total income during such twelve months, after taking into account the income which has accrued and become payable to her during such twelve months, from her own estate, belonging to her at the time of my decease and from reinvestments thereof and from any property settled upon her for her life or any shorter period, and from her dower in my real estate, such sums as will make the total of her income during such twelve months, up to the sum of $12,000, etc.,. “ And subject to the said trusts, the principal of said fund is given, devised and bequeathed to my said sons last named, in the same manner and upon the same terms, conditions, limitations and provisions as are expressed in the second clause of this will concerning legacies are given.” The other two parts were given respectively to his sons, Francis S. Bangs and John K. Bangs, upon and subject to the same terms, conditions, provisions and limitations which are expressed in the second clause of the will concerning the legacies there given. These two shares so given to Francis S. Bangs and John K. Bangs, were charged with annuities from the date of’the decease of the testator, which are particularly named. Thence follows this *29 clause: “ These annuities are- not a charge upon the real estate, nor are they to restrict or encumber the transfer or alienation of the real estate, but they are a personal obligation upon my said two legatees equally and upon those who may succeed to their respective shares in my estate, in proportion to their interest.”
Counsel for the respective parties have each constructed an ingenious argument in favor of his contention, based largely upon a very proper assumption made by both, that the testator himself was a gentleman learned in the law and well skilled in the use of legal terms, and knew comprehensively the bearing of the different clauses and provisions of a will, one upon the other. One train of discussion which the arguments take leads quite inevitably to the conclusion that the testator did not intend the provisions for his wife to be a charge upon the real estate, and the other with almost equal positiveness maintains that such was in fact his intention.
There is, indeed, no room to doubt the legal proposition, that whether or not a legacy is a charge upon real estate is to be determined by the intention of the testator, as derived from the terms of the will itself, and such charge will be adjudged according to the intention of the testator evidenced by the whole will, in the absence of a particular direction in words making such charge, Hoyt v. Hoyt, (85 N. Y., 142).
It is contended by the plaintiff’s counsel that the circumstance that the testator left ample personal property, and more than sufficient to pay his debts, lias an important bearing upon the construction of this fourth clause of the will. It doubtless has some bearing upon it, though, manifestly, it would not be as important in determining the question as the intention sought from other sources, because, as is reasonably argued by the defendants’ counsel, what seems to be sufficient to-day for the payment of debts and legacies, may not be sufficient at some future time. And while it is fixed and certain that one of the testator’s strongest desires was to secure to his wife an ample income during her life, the intention of the testator must, as it seems to me, be ascertained from other facts than that.
The significant words in the clause of the will are that the trustees and the survivor of them were to hold the property “ in trust to invest and keep the same invested in such securities as ordinarily prudent men invest their own funds in, for the purpose of securing steady income and interest thereof for and during her natural life.” These are the words that one would naturally expect to follow a clause in the will permitting or directing the executors or trustees to sell real estate and hold the proceeds thereof in lieu of the real estate for certain purposes. These words do not mean the rents and profits of real estate, but *30 are solely technical words and phrases which are commonly nsed in speaking of the earnings of personal property, as money loaned, held on mortgages, or in like investments. Furthermore, the will says: “ And subject to said trusts, the principal of said fund is given, devised and bequeathed “to the sons last named.” Here we have the same recognition of the property as personal property. He does not say “ subject to said trusts, the rents and income of said land is given,” but he calls it the principal of said fund.
On the other hand, it is contended by the counsel for the defendant that the difference in expression in the several parts of article four of the will indicates an intention that the lands should be subject to the trust, and therefore inalienable during the existence of the trust. It is true the testator does give the other two of the three equal parts of his. estate mentioned in item four, to Ms two sons, and directs in the final clause that the annuities charged thereon shall “ not be a charge upon the real estate, nor are they to restrict or incumber the transfer or alienation of the real estate, but they are a personal obligation upon my said two legatees equally, and upon those who may succeed to them respective shares in my estate in proportion to their interest.” It is contended that inasmuch as the testator specially declares that the four annuities shall not be a charge upon the real estate, which in part composes the two of the three portions devised and bequeathed to his sons, the absence of such a declaration in regard to the other of the three parts set aside for the benefit of his wife, would indicate a contrary intention in respect to the share which is so held in trust for her. This contention is the strength of the defendant’s case, and there would be much in it to overcome the intention as derived from the general scheme of the will except for this condition, namely, that the testator did not in terms charge the part so held in trust for his wife with the payment of any sum of money for her benefit, while in the case of the two other portions, stamped with the payment of four particular legacies, he in words says : “ But the shares in my estate hereby given to my said sons, Francis S. Bangs and John K. Bangs, I charge with annuities from the date of my decease as follows.” If that stood alone, without the special declaration that it should not be a charge upon the real estate, or should prevent the free alienation of the real estate, clearly these four annuities would be a burthen on such real estate during the life-time of the annuitants.
It follows that the trust created by the fourth paragraph of the will, for the benefit of Mary A. Bangs, is not a charge upon the real estate of the testator, and that a deed of such real estate by Francis S. Bangs and John K. Bangs, individually, with a *31 proper release of dower by Mary A. Bangs, would convey a valid and good title in fee simple to the real estate.
Let judgment be entered accordingly.
DANIELS AND Brady, JJ., concur.